UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. SOUHEIL E. ELIA,

                           Plaintiff,

            -against-

CREDIT LIBANAIS, et al.,

                           Defendants.

25-CV-9605 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, seeks to seal both his complaint and "related filings in this matter." Plaintiff does not identify the "related filings," but the Court understands the following submissions to be the related filings: three Memorandums of Law (ECF 6, 8, 12), a Motion to Seal Case (ECF 7), a Trial by Jury Demand (ECF 5), two Declarations (ECF 9, 13), and a Motion for Early Request for Production (ECF 11). Plaintiff also submitted a memorandum of law in support of his complaint. (ECF 4.) The Court denies Plaintiff's motion to seal the complaint, the memorandum of law in support of his complaint, and the related filings.

## DISCUSSION

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The United States Court of Appeals for the Second Circuit has established a three-part analysis to determine whether, under the common law, a document relating to a lawsuit should

be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006).

First, the Court must determine whether the document at issue is indeed a "judicial document" to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Pleadings are considered judicial documents. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 140 (2d Cir. 2016). Other non-pleading submissions also are considered judicial documents. *Giuffre v. Maxwell*, 146 F.4th 165, 177-78 (2d Cir. 2025) (citation omitted). Non-pleading documents are judicial documents if they

> would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision. [Footnote omitted.] Accordingly, if in applying these standards, a court determines that documents filed by a party are not relevant to the performance of a judicial function, no presumption of public access attaches.

*Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

Second, the Court considers the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d. 1044, 1049 (2d Cir. 1995).

Third, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted).

2

Turning to Plaintiff's motion to seal, the Court first considers whether the submitted documents are judicial documents. Plaintiff's complaint and memorandum of law in support of his complaint are both judicial documents. Thus, the public has a presumptive right of access to them. Plaintiff's related filings concerning his motion to seal his complaint and his request for early production of documents also are judicial documents because they seek to influence the decision of the Court in its rulings on these motions. Finally, with respect to Plaintiff's request for a jury trial, these documents are relevant to judicial functions and processes and therefore are judicial documents.

As to the weight of the presumption of access to be accorded these submissions, it is substantial. Plaintiff's complaint and memorandum of law include the alleged factual basis for his claims, and the documents filed in support of the motion to seal and motion for early production of documents include allegations that are crucial to the Court's ruling on these motions. Plaintiff's documents associated with his request for a jury demand also include allegations concerning the value of a jury trial in this particular case; they too are therefore entitled to the weight of presumption of access.

Considering any countervailing factors, the Court finds that Plaintiff does not identify any reason why any document in this action should be placed under seal. Plaintiff's complaint concerns an alleged conspiracy by Defendants to deny him access to his property. He asserts that "[t]his case involves allegations of unlawful financial conduct by four major U.S. banking institutions . . . who are alleged to have knowingly accepted and processed seized U.S. dollar depositions from Lebanese banks . . . in violation of U.S. property and banking laws." (ECF 7, at 1.) Plaintiff seeks sealing because he believes that "[p]ublic disclosure of these allegations could

3

trigger widespread concern among depositors and investors, potentially leading to a destabilizing run on the banks named in the Complaint." (*Id.* at 3.)

Plaintiff raised substantially similar claims in a pending action filed in this court where he sought sealing of that matter. *See Elia v. United States of America*, No. 24-CV-3947 (MKV) ("*Elia I*"). In her order denying Plaintiff's motion to seal, the Hon. Mary Kay Vyskocil found that the strong presumption of access was "not outweighed by Plaintiff's speculative and conclusory assertions about what may happen as a result of the failure to seal." *Id.* (Doc. No. 20, at 3). Judge Vyskocil noted that, during the time *Elia I* "remained on the public docket . . . Plaintiff has not advised the Court that any of the circumstances that he predicted would occur absent sealing have, in fact, come to pass." *Id.* Plaintiff's arguments here mirror the arguments he raised in *Elia I* in that he similarly claims that the public viewing of his submissions would cause catastrophic world-wide financial disaster. Plaintiff offers no support for this assertion.

For these reasons, the Court denies Plaintiff's motion to seal.

## CONCLUSION

The Court denies Plaintiff's motion to seal (ECF 7) and directs the Clerk of Court to terminate the motion. The Court also denies Plaintiff's motion for early production of documents (ECF 11) as prematurely filed, without prejudice to renewal at a later date should summons(es) be issued, and directs the Clerk of Court to terminate the motion.

Finally, the Court directs the Clerk of Court to remove all access restrictions set in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 1, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

5